UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodney VALIDO MESA,<br><br>                          Petitioner,<br><br>v.<br><br>Christopher J. LaROSE, et al.,<br><br>                          Respondents. | Case No.:  26-cv-0489-AGS-KSC<br><br>**ORDER REQUIRING RESPONSE AND DENYING AS MOOT SHOW CAUSE MOTION (ECF 2)** |

Petitioner Rodney Valido Mesa seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. (*See* ECF 1.) At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

On January 15, 2025, Valido Mesa, an "asylum seeker from Cuba," "arrived in the United States." (ECF 1, at 2.) He has been detained since, "[d]espite winning protection against removal to Cuba based on persecution he suffered for his political opinion." (*Id.*) He argues that his "prolonged detention is causing him tremendous and ongoing harm and violates the Due Process Clause of the Fifth Amendment." (*Id.*)

This claim is not frivolous. After all, some courts have concluded that prolonged detention can violate due process, even for arriving aliens subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized

1

26-cv-0489-AGS-KSC

bond hearing violates due process."). Thus, the government must respond.

By **February 17, 2026**, respondents must file their return. Any traverse must be filed by **February 24, 2026**. The Court will hold oral arguments on the petition on **March 4, 2026**, at **11:30 a.m.** In light of the briefing schedule, petitioner's motion for an order to show cause (ECF 2) is denied as moot.

Dated:  January 28, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

26-cv-0489-AGS-KSC